IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GEORGE POOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-4143-CV-C-NKL |
| ) | |
| DARLENE WANSING, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff George Poole, formerly confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On February 28, 2006, defendants filed a motion to dismiss plaintiff's claims, citing failure to exhaust administrative remedies and failure to state a claim. In response to a show cause order, plaintiff filed a response to the motion to dismiss on May 3, 2006.

The court finds that plaintiff was not incarcerated when he filed his complaint; thus, the requirement of exhaustion of administrative remedies as set forth in 42 U.S.C. 1997e is inapplicable. The remaining issue, therefore, is whether plaintiff's allegations contained in his amended complaint state claims on which relief may be granted under 42 U.S.C. § 1983.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Plaintiff's claims against defendants alleging denial of inmate account monies and mail are, in essence, claims that state employees violated his due process rights under the Fourteenth

Amendment when they denied him his property.  Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages.  Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990); Sours v. Armontrout, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished).  Plaintiffs can sue in state circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion.  Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984).  See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982).  Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities.  See Harris v. Munoz, 2001 WL 118147 (Mo. App. Feb. 13, 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 2005).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002).  This statute gives state judges the discretion to waive costs and fees for indigent parties.  Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Plaintiff's claims alleging denial of personal property, specifically his inmate account monies and mail, are property claims and must be brought in state court; therefore, such allegations fail to state a claim on which relief may be granted under 42 U.S.C. § 1983.

Plaintiff's allegation that his cell was searched and that he was subsequently returned to his cell with no clothing or personal hygiene items for 23 hours, in violation of his constitutional rights, also fails to state a claim under section 1983.

The conditions under which an inmate is confined are subject to scrutiny under the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . ." Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, a prison official must have a sufficiently culpable state of mind, such that

2

they were subjectively deliberately indifferent to the prisoner's health or safety. Id.; see also Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995). Therefore, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter and medical care. Id. at 832. However, the Constitution does not mandate comfortable prisons. Id. Conditions of confinement claims are viable when a prisoner 1) is confined in conditions which pose a substantial risk of serious harm, or 2) is being denied the minimal civilized measure of life's necessities. Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citing Farmer, 511 U.S. at 834).

In applying plaintiff's allegations to the standards set forth by Farmer v. Brennan, the court finds that plaintiff's allegations fail to state a claim under the Eighth Amendment. Plaintiff's claims that he was returned to his regularly assigned cell without clothes or hygiene items for 23 hours alleges, at most, that plaintiff was exposed to uncomfortable conditions. Uncomfortable conditions do not violate the Eighth Amendment. There is no absolute Eighth Amendment right to not be put in a cell without clothes or bedding. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995). "Prison officials do not violate the Eighth Amendment by placing a prisoner in a strip cell unless they deny the inmate 'the minimal civilized measure of life's necessities,' and knowingly disregard an excessive risk to the inmate's health or safety created by such a deprivation." Id. at 446 (citing Farmer, 114 S. Ct. 1977, 1979). Additionally, the Eighth Circuit has held that conditions of confinement which may be intolerable can be tolerable when a prisoner is subjected to such conditions for only a short time. Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only 24 hours); White v. Nix, 7 F.3d 120, 121 (8th Cir. 1993) (11-day stay in unsanitary cell not unconstitutional because of relatively brief stay and availability of cleaning supplies).

Plaintiff's allegations that he was returned to his cell, unclothed and without hygiene supplies, for a period of 23 hours following a search of his cell, fail to allege a denial of basic life's necessities, or an excessive risk to plaintiff's health and safety. Even if plaintiff's cell was cold, as he alleges, plaintiff's allegation that he was exposed to such conditions for a brief period

3

of 23 hours fails to state a sufficiently serious deprivation so as to rise to the level of an Eighth Amendment constitutional violation. The Eighth Circuit has found similar, if not more restrictive, conditions of confinement as not violating the Eighth Amendment. See O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 83-84 (8th Cir. 1996) (several days without underwear, blankets, mattress, exercise or visit is not in violation of Eighth Amendment); Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995) (prisoner placed in segregation cell without clothes, running water, hygiene supplies, mattress, and legal mail for a period of four days was not deprived of the minimal civilized measure of life necessities).

Finally, as to the issue of plaintiff's cell being searched in the middle of the night, such allegation fails to state a claim on which relief may be granted under section 1983. "The Fourth Amendment proscription against unreasonable searches does not apply to the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984).

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss be granted, and plaintiff's claims be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 12th day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge