IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| GEORGE POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-4143-CV-C-NKL |
| | ) | |
| DARLENE WANSING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On January 28, 2008, defendant Arlene O'Brien filed a motion for summary judgment. Plaintiff failed to file a response, and on May 23, 2008, an order was entered directing plaintiff to show cause why defendant O'Brien's motion should not be granted. On June 3, 2008, plaintiff filed a response to O'Brien's motion for summary judgment.[1]

In support of her motion, defendant O'Brien argues that plaintiff has no evidence any of his legal mail was opened outside his presence. Plaintiff's response to O'Brien's motion consists of three sentences in which plaintiff argues that the prison superintendent found defendant O'Brien to have acted wrongly, and thus, because the law is clear regarding a prisoner's rights and legal mail, such a finding by the superintendent entitles him to monetary and injunctive relief from defendant.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Here, plaintiff has a constitutional right to not have confidential legal mail opened outside his presence, Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997); however, he does not dispute the facts as set forth by defendant O'Brien stating that his legal mail was not opened outside his presence. The undisputed facts as set forth in defendant's motion state that on May 21, 2002, plaintiff filed an informal resolution request (hereinafter "IRR"), complaining that on April 18, 2002, defendant O'Brien had removed a newspaper clipping and thirty copies of the clipping from mail marked as legal mail which was sent to plaintiff by an attorney named David Stokely.[2] The circumstances leading up to plaintiff's May 21, 2002 IRR began in March 2002 when the Stokely Group L.L.C. sent five large envelopes to South Central Correctional Center (hereinafter "SCCC") addressed to plaintiff. When prison mailroom staff suspect that legal mail contains contraband, the mail is opened in the inmate's presence. See Defendant's Motion for Summary Judgment, Exh. A, Division of Adult

---

[2]David Stokely was/is not plaintiff's attorney of record.

2

<u>Institutions South Central Correctional Center Standard Operating Procedures</u>, <u>13-1.1 Offender Mail Procedures</u>. The five envelopes were opened in plaintiff's presence and were found to contain unauthorized items and items that would have caused plaintiff to exceed his allowed property amount if given to him, as well as items that prison policy required to be sent through regular mail. Problematic items included personal items, envelopes and newspaper clippings. Plaintiff's property records indicate that the newspaper clippings, thirty copies of a newspaper clipping titled "My Poem," a handwritten letter and a copy of plaintiff's institutional inmate account were removed from the mail referenced in plaintiff's IRR of May 21, 2002.

On April 20, 2002, SCCC received three additional large envelopes from the Stokely Group addressed to plaintiff. Defendant O'Brien returned the envelopes to the Stokely Group unopened, together with a letter she wrote explaining the prison's legal mail procedures.

On November 15, 2002, in response to plaintiff's IRR of May 21, 2002, and subsequent grievance and grievance appeal filed, a response was filed by Bryan Goeke, the Assistant Director of the Division of Adult Institutions. The response indicated that while the second set of envelopes received from the Stokely Group were not opened outside plaintiff's presence and, in fact, were returned to the Stokely Group unopened, proper prison policy and procedure was not followed in dealing with these envelopes containing suspected contraband. Prison policy (13-1.1, Offender Mail Procedures) requires the mail to be opened in the inmate's presence and as to any items considered contraband, a rejection-of-mail form to be completed, and the items delivered to the litigation coordinator for disposal, i.e., returned to attorney. It is the grievance response of Bryan Goeke on which plaintiff relies in his opposition to defendant O'Brien's motion for summary judgment. Plaintiff asserts that Goeke's finding shows that "O'Brien acted wrong," and supports his claim that his constitutional rights were violated by O'Brien.

Although defendant O'Brien did not properly follow prison policy and procedure, a failure to follow prison policy and procedure does not give rise to a 42 U.S.C. § 1983 claim in the absence of objective evidence demonstrating a constitutional violation. <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003) (no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations) (citing <u>Kennedy v.</u>

3

Blankenship, 100 F.3d 640, 643 (8th Cir. 1996)). See also Smith v. Gray, Rucker & Harkins, 259 F.3d 933 (8th Cir. 2001) (inmate's allegation that prison officials violated his due process rights by failing to follow administrative regulations did not state a claim; the Due Process Clause does not federalize state-law procedural requirements). Therefore, based on the undisputed facts showing plaintiff's legal mail was not opened outside his presence, and that O'Brien's actions violated only prison policy, and not plaintiff's constitutional rights, defendant O'Brien is entitled to judgment as a matter of law.

IT IS, THEREFORE, RECOMMENDED that defendant O'Brien's motion for summary judgment be granted. [82]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 31st day of July, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge